14-1906-cv
Lucas v. Icahn

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand fifteen.

PRESENT: DENNIS JACOBS,
　　　　　 GUIDO CALABRESI,
　　　　　 GERARD E. LYNCH,
　　　　　　　　　　　 <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

STEPHEN LUCAS,
　　　　　<u>Plaintiff-Appellant</u>,

CHARLES SILSBY, individually and on behalf of all others similarly situated,
　　　　　<u>Plaintiff</u>,

　　　　　-v.-　　　　　　　　　　　　　　　　　14-1906-cv

CARL C. ICAHN, ROBERT C. FLEXON, CLINT FREELAND, KEVIN T. HOWELL, THOMAS W. ELWARD, E. HUNTER HARRISON, MICHAEL J. EMBLER, VINCENT J. INTRIERI, SAMUEL MERKSAMER,
　　　　　<u>Defendants-Appellees</u>,

1

**DYNEGY, INC.,**
    **Defendant.***

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                NICHOLAS I. PORRITT, Levi &
                                 Korsinsky LLP, New York, New
                                 York.

**FOR APPELLEES:**               DOUGLAS P. BAUMSTEIN (Glenn M.
                                 Kurtz and Kimberly A. Haviv, on
                                 the brief), White & Case LLP,
                                 New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Stephen Lucas appeals from the judgment of the United States District Court for the Southern District of New York (Koeltl, J.), dismissing his complaint for failure to state a claim. He appeals only the dismissal of his section 10(b) and Rule 10b-5 claim as to defendants Robert C. Flexon, Clint Freeland, and Samuel Merksamer (the "10b-5 Defendants"), who served as officers or directors of Dynegy, Inc. ("Dynegy"), Dynegy Holdings, Inc. ("Dynegy Holdings"), or both. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo the dismissal of a complaint for failure to state a claim. Capital Mgmt. Select Fund Ltd. v. Bennett, 680 F.3d 214, 219 (2d Cir. 2012). "To state a claim under § 10(b) and the corresponding Rule 10b–5, a plaintiff must plead that the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." Ganino v. Citizens Utilities Co., 228 F.3d 154, 161 (2d Cir. 2000).

---

* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

As relevant here, Lucas alleges that, at the direction of the 10b-5 Defendants, Dynegy made misrepresentations to investors in a September 2, 2011 press release and a November 14, 2011 filing with the Securities and Exchange Commission.

In those disclosures, Dynegy stated that, as part of a restructuring effort, it was acquiring from Dynegy Holdings[1] certain assets with a "fair value" of approximately $1.25 billion and, in exchange, would provide "this value" in the form of an "Undertaking" to make payments on debt owed by Dynegy Holdings.  Lucas does not dispute that the mechanics of the Undertaking were accurately described: Dynegy was required to make principal and interest payments through 2026 totaling approximately $1.25 billion.  He argues that the disclosures were nevertheless misleading because they implied that the Undertaking itself had a fair market value of $1.25 billion, whereas (Lucas alleges) the Undertaking was worth substantially less when appropriately discounted for present value and risk.

Like the district court, we think it is a close question whether the disclosures were misleading at all.  It was not asserted that the Undertaking was worth $1.25 billion; the $1.25 billion figure was used to describe the assets to be acquired by Dynegy (in exchange for the Undertaking).  Furthermore, it is implausible that any reasonable investor would think that a payment stream over a period of fifteen years has a present value equal to the face value of total payments.

In any event, we need not decide whether the disclosures were misleading because, even if they were, Lucas has not adequately pleaded that the 10b-5 Defendants acted with scienter.  A claim under section 10(b) and Rule 10b-5 is adequately pleaded only if there are sufficient allegations of "an intent to deceive, manipulate or defraud."  Kalnit v. Eichler, 264 F.3d 131, 138 (2d Cir. 2001) (citation and internal quotation marks omitted).  "[T]o be adequate, scienter allegations must give rise to a strong inference of fraudulent intent . . . either with motive and opportunity allegations or with allegations constituting strong circumstantial evidence of conscious

---

[1]    The transaction also involved other corporate entities related to Dynegy and Dynegy Holdings.

misbehavior or recklessness." <u>Id.</u> at 138-39 (citations and internal quotation marks omitted); <u>see also</u> <u>Novak v. Kasaks</u>, 216 F.3d 300, 306 (2d Cir. 2000).

There are no such allegations here. To the contrary, Dynegy fully and accurately disclosed the mechanics of the Undertaking, including all the information an investor would need to perform a valuation. Lucas argues that it would have been very difficult for the average investor to actually perform such a valuation, even with the information provided. That is beside the point: such disclosure is flatly inconsistent with an intent to mislead investors as to the value of the Undertaking, especially in the absence of an affirmative statement as to that value.

For the foregoing reasons, and finding no merit in Lucas's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4